UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNELL SHAMOND KEARNEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>)<br>Respondent. ) | Civil Action No. 1:21-cv-02861 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its review of petitioner's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, petition for writ of habeas corpus ("Pet.") pursuant to 28 U.S.C. § 2255, ECF No. 1, and accompanying motion to vacate, set aside, or correct sentence ("Mot.") pursuant to 28 U.S.C. § 2255, ECF No. 4. For the reasons explained below, the IFP application will be granted, and the case will be dismissed without prejudice.

Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution located in Sheridan, Oregon. According to petitioner, he was convicted and sentenced in both the United States District Court for the Eastern District of North Carolina and Western District of North Carolina.[1] Pet. at 2. The petition is not a model in clarity and contains mostly

---

[1] In the motion to vacate, petitioner also makes passing reference to a possible conviction in "Ohio – Cleveland[,]" *see* Mot. at 2, and the petition attaches, as an exhibit, the cover page of a blank template petition for relief pursuant to 28 U.S.C. § 2254, *see* Pet. at ECF pg. 16, however, no other information is provided in this regard. Notwithstanding, federal review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such

incomprehensible ruminations regarding petitioner's belief that he is unfairly incarcerated and should be immediately released.  *See id.* at 6–16; *see also* Mot. at 5–13.

First, Rule 8(a) of the Federal Rules of Civil Procedure requires initiating pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The instant petition falls within this category.  Petitioner has also failed to comply with Federal Rule 10(a), among others.

Second, to the extent that a remedy is available to petitioner, his Section 2255 claims must be addressed with the sentencing court.  *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997).  Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

---

district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Consequently, petitioner would have no recourse in this court as to any Section 2254 claims.

>maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Consequently, petitioner must file his Section 2255 claims in the Eastern and/or Western District of North Carolina.

Finally, to the extent that petitioner may seek relief pursuant to 28 U.S.C. § 2241, he may not do so in this court, and must file for such relief in the District of Oregon, because a petitioner's "immediate custodian" is the proper respondent in a Section 2241 habeas corpus action, *see Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief").

Petitioner has no recourse in this court; therefore, the petition is dismissed without prejudice and the motion to vacate is denied without prejudice. A separate order accompanies this memorandum opinion.

DATE: November 17, 2021

_____ s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge